914 F.2d 250
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Haywood WILLIAMS, Jr., Plaintiff-Appellant,
v.
Allyn SIELAFF, Edward Murray, L.B. Cei, James M. Sisk, W.D.
Blankenship, Rufus Fleming, Ed Wright, Melvin
Sergeant, Defendants-Appellees.
 No. 89-7750.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 15, 1990.
Decided Sept. 20, 1990.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Chief District Judge. (C/A No. 85-699-R))
 Haywood Williams, Jr., appellant pro se.
 Michael A. Likavec, Office of the Attorney General of Virginia, Richmond, Virginia, for appellees.
 W.D.Va.
 AFFIRMED IN PART AND VACATED AND REMANDED IN PART
 Before WIDENER, K.K. HALL and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Haywood Williams, Jr., instituted this lawsuit pursuant to 42 U.S.C. Sec. 1983, primarily alleging that his transfer from the Virginia State Penitentiary to Bland Correctional Center was effected in retaliation for his having filed, along with other penitentiary inmates, a separate Sec. 1983 action. The district court initially scheduled an evidentiary hearing. However, the court subsequently granted defendants' motion for summary judgment and dismissed the action. We affirm in part and vacate and remand in part.
 
 
 2
 Defendants' motion for summary judgment was supported by an affidavit of defendant Cei, who stated that Williams' transfer was part of a Department of Corrections plan to redistribute the inmate population. The fact that Williams' transfer occurred shortly after he and other inmates circulated a supplemental complaint in a separate, class action lawsuit, was mere coincidence, according to Cei. Williams, in order to survive the motion for summary judgment, filed affidavits of two inmates, together with his own affidavit.
 
 
 3
 The affidavits of Williams and Jeff Burwell did not present facts sufficient to survive the summary judgment motion. The Walter White affidavit, however, did. White stated that defendant Fleming, in the presence of defendant Wright, informed both White and Williams that they were being transferred to Bland because they had circulated the supplemental complaint among the penitentiary population. This was sufficient to create a genuine issue of material fact on the retaliation claim.
 
 
 4
 The district court ultimately concluded that White's filing did not qualify as an affidavit for summary judgment purposes because it was not properly notarized. Thus, the complaint could not survive the summary judgment motion, and it was dismissed. We disagree with the finding respecting the White filing. White stated that his declaration was made under penalty of perjury and that it was true and correct to the best of his knowledge. Under Fed.R.Civ.P. 56(e) and 28 U.S.C. Sec. 1746, the filing qualifies as an affidavit. The entry of summary judgment on the retaliation claim was error and is vacated.
 
 
 5
 With respect to Williams' remaining claims, a review of the record and the district court's opinion discloses that the appeal is without merit. We therefore affirm the decision on these claims on the reasoning of the district court.
 
 
 6
 As our review of the record and other materials before us reveals that oral argument would not significantly aid the decisional process, we dispense with oral argument.
 
 
 7
 AFFIRMED IN PART AND VACATED AND REMANDED IN PART.